AO 472 (Rev. 3/86) Order of Detention Pending Trial
================================================================================

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.     ) | **Mag. No. 06-25-C** |
| ) | |
| **DAVID PAUL NANOS,** ) | |
|     **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
    [ ] an offense for which the maximum sentence is life imprisonment or death.
    [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
    [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]    (4)    Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[ ]   (1)   There is probable cause to believe that the defendant has committed an offense
    [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
    [ ]   under 18 U.S.C. Section 924(c).
[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]   (1)   There is a serious risk that the defendant will not appear.
[X]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The defendant has been charged by complaint with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Four felony convictions are alleged in the complaint. All appear to be "crimes of violence," as defined in 18 U.S.C. § 3156(a)(4), and "violent felonies" within the meaning of 18 U.S.C. § 924(e). The government seeks the detention of the defendant as a risk of flight and a danger to the community.

The evidence against the defendant is strong. There is substantial circumstantial evidence that late at night on April 26th he and an associate committed a violent, armed invasion of the residence and bedroom therein of Mark Luxton in Buxton, Maine, during which shots were fired at Luxton. The defendant's DNA was found on several pieces of evidence in the Luxton residence related to the home invasion, including on a metal fragment believed to be part of a spent bullet and on a portion of a latex glove. His DNA was also found on a beer bottle and napkin found behind the Free Will Baptist Church located approximately 100 yards from the Luxton residence. Other physical evidence found in the Luxton home is in the process of being tested. There is also evidence indicating that the defendant has been threatening and tormenting Luxton for at least a few years in retaliation for Luxton's cooperation with the state in one of its prior felony prosecutions against the defendant.

The defendant is 22 years old and has lived in southern Maine his whole life. His mother and sister live together in Biddeford. His father resides in Gorham. The defendant is single and has no dependants. He does not have a fixed residence and is unemployed.

The defendant has a long history of substance abuse. He claims that he has been drug and alcohol free for a year and a half until recently suffering a relapse with the use of alcohol. Although the defendant has been involved in a long-term substance abuse rehabilitation program at Serenity House, the director of Serenity House reports that he would not be allowed back in the program because of the present circumstances.

The defendant also has a lengthy and troublesome adult criminal history despite the fact that he has been an adult for only four years. He has ten felony convictions, including seven for burglary, a crime of violence. He also has three state probation revocations and a fourth now pending arising from the home invasion. One of his felony convictions is for violating conditions of release. The instant offense was committed while on state probation. On the instant charge he faces a mandatory minimum sentence of 15 years with a Guidelines range of 262 to 327 months.

Although the defendant contested the government's motion for detention, he offered no argument at the close of the evidence and did not propose any conditions of release or even an appropriate residential placement.

On the basis of the foregoing, I find by a preponderance of the evidence that the defendant poses a serious risk of non-appearance and that there are no available conditions of release that will reasonably assure his appearance as required. I also find, by clear and convincing evidence, that the defendant poses a serious risk of danger to the safety of the community if released and that there are no conditions of release that will reasonably assure community safety. I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 12, 2006

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge